IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HALL,** | : | CIVIL ACTION NO. 1:19-CV-225 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN J. BALTAZAR,**[1] | : | |
| Respondent | : | |

## MEMORANDUM

Presently pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner Joseph Hall ("Hall"), an inmate confined at the United States Penitentiary, Canaan, in Waymart, Pennsylvania ("USP-Canaan"). Hall challenges the validity of a disciplinary report he received at the United States Penitentiary, Victorville, California. For the reasons set forth below, the court will dismiss the habeas petition.

**I.   Background**

On June 8, 2017, Hall was charged in incident report number 2996911, with attempted introduction of narcotics into the prison, a code 111A violation, and criminal abuse of a telephone, a code 197 violation. (Doc. 1, at 2, 11, 14). The reporting officer stated that Hall used the phone accounts of three other inmates to contact his niece, and that Hall made phone calls to an unidentified male regarding

---

[1] Pursuant to 28 U.S.C. § 2243, the proper respondent in a habeas action is "the person having custody of the person detained." Therefore, the Clerk of Court will be directed to substitute J. Baltazar, warden of USP-Canaan, as the sole respondent in this action.

a plan to mail liquid K-2 to the prison. (Id. at 11, Incident Report). The incident report was delivered to Hall on June 9, 2017. (Id. at 11, 14).

Hall appeared before the Unit Disciplinary Committee and refused to provide a statement. (Id. at 17, Discipline Hearing Officer Report).

On August 9, 2017, Hall appeared before the Discipline Hearing Officer. (Id. at 14-17). During the August 7, 2017 hearing, the DHO confirmed that Hall received advanced written notice of the charges on June 9, 2017. (Id. at 14, 16). Hall was advised of his rights before the DHO, a staff member was appointed to act as a staff representative, he did not present any evidence, and did not call any witnesses. (Id. at 14-16). Upon questioning by the DHO, Hall denied the charges and stated that he "did not do it." (Id. at 14). In rendering his decision, the DHO considered the incident report, investigation, and supporting memorandum, printouts of phone numbers associated with Hall, email printouts, the investigation conducted by the Special Investigative Agent, and Hall's written statement. (Id. at 15-16). After consideration of the evidence, the DHO found that Hall committed the prohibited acts of attempted introduction of narcotics into the prison, a code 111A violation, and criminal abuse of a telephone, a code 197 violation. (Id. at 16). The DHO sanctioned Hall to fourteen (14) days of disciplinary segregation and loss of commissary privileges for two (2) months with respect to the code 111A violation, and loss of phone privileges for six (6) months with respect to the code 197 violation. (Id.) Hall did not lose any good conduct time as a result of the misconduct. (Id.) At the conclusion of the hearing, Hall was advised of his appeal rights. (Id. at 17). On August 15, 2017, Hall was provided with a copy of the DHO Report. (Id.)

Hall pursued an appeal and filed administrative remedy 913802-R1 with the Regional Office. (Id. at 12). On March 8, 2018, the Regional Director expunged the code 197 violation, but upheld the code 111A finding of guilt. (Id.) Hall then filed an appeal to the Central Office, designated as administrative remedy 913802-A1. (Id. at 13). On appeal, the Central Office concurred with the Regional Office and ordered that the code 197 violation be removed from Hall's disciplinary record. (Id.) The Central Office also found that there would be no change to the finding of guilt for the code 111A violation. (Id.)

In the instant habeas petition, Hall states that the code 197 violation, criminal abuse of the telephone, was ultimately vacated, and that the code 111A violation, attempted introduction of narcotics into the prison, fails to state an offense. (Id. at 2-3). For relief, Hall seeks "correct[ion]" of the sanction imposed in connection with the code 111A violation. (Id. at 8).

## II.  Discussion

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. To invoke the Due Process Clause, a petitioner must first identify a liberty interest that has been violated. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Prisoners are

3

entitled to due process protection only when the disciplinary action results in the loss of good conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Hall fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time). Hall does not allege that he lost any good-time credits and the record confirms that he did not lose any good conduct time. Rather, Hall's disciplinary infractions resulted only in temporary placement in disciplinary segregation and temporary loss of commissary privileges for the code 11A violation. These sanctions do not implicate protected liberty interests as they did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life. See, e.g., Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (placement in administrative segregation for fifteen (15) months did not impose atypical and significant hardship on prisoner); Pelzer v. Shea, 470 F. App'x 62, 65 (3d Cir. 2012) (disciplinary confinement and temporary loss of work, radio, pay, phone, commissary, and visitation did not impose atypical and significant hardship on inmate in relation to the ordinary incidents of prison life). Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of Hall's sentence or confinement, and did not impose an atypical and significant hardship on him, the petition is subject to dismissal. See

Leamer, 288 F.3d at 540-42; Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172 (3d Cir. 2007).

### III.   Conclusion

Based on the foregoing, the court will dismiss the petition for writ of habeas corpus.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       December 17, 2020